JOHN W. CLARK, Appellant, *vs.* AARON A. ADKISSON, Appellee.

*Opinion filed June 16, 1909—Rehearing denied October 13, 1909.*

EJECTMENT—*when deed by executrix may be presumed to have been properly made.* A deed made by the grantor, as executrix of her deceased husband's estate, may be regarded, after the lapse of many years, as within the power given to her by the testator's will to sell land in due course of administration, where it may be fairly presumed, from the facts shown by the record, that the sale was made to raise money to pay the widow's award. (*Clark* v. *Clark,* 172 Ill. 355, explained.)

APPEAL from the Circuit Court of McDonough county; the Hon. JOHN A. GRAY, Judge, presiding.

PHILIP E. ELTING, and TUNNICLIFF & GUMBART, for appellant.

VOSE & CREEL, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an action of ejectment brought by the appellant against appellee in the circuit court of McDonough county for the possession of forty acres of farm land in that county. After the case was at issue, jury was waived and the cause submitted, by agreement of the parties, to the court. It appears that this is the second trial, as provided under the ejectment statute. The court found for the defendant and entered judgment against plaintiff for costs, whereupon an appeal was prayed and allowed to this court.

The parties stipulated that one John P. Clark, the father of appellant, died testate October 18, 1883. A copy of his will is set out in full in *Clark* v. *Clark,* 172 Ill. 355. The will provided that after the payment of his debts his wife was given all the property, "both real and personal, for and during her natural life," and that after her death whatever remained unexpended was to be applied to the payment of certain legacies to certain children, and after the payment of such legacies the remainder was to be divided equally between the appellant and certain other designated persons. By the last clause of the will he appointed his wife as executrix, and authorized and empowered her "to sell and convey any and all real estate and personal property of which I may die seized, using her own discretion therein." The wife was appointed and qualified as executrix October 22, 1883. She filed her inventory October 27, 1883, which contained the land involved in this litigation. On November 6, 1885, describing herself as "executrix of the last will of John P. Clark, deceased," she executed and delivered a deed to John McIntyre of said forty acres, the consideration being $300, reserving the right to go onto

said property any time within the next nine years to re-
move five walnut trees.    Said deed was acknowledged be-
fore the then county judge of that county.    The parties
hereto further stipulated that the $300 was a fair cash value
of the land sold at the date of the sale, and that the ap-
pellee now holds possession of said premises under a series
of *mesne* conveyances from the widow and heirs of said
John McIntyre, grantee in said deed, and that said appellee
and his grantors have held continuous, open, notorious and
undisputed possession of said property from the date of
said deed to said McIntyre up to the time of serving notice
of these proceedings and during said time have paid all the
taxes thereon; that said appellant is a son of said John P.
Clark, deceased; that the appraisement bill filed in the said
county court in the estate of the said John P. Clark shows
personal property amounting to $1013.78 belonging to said
estate and fixes the widow's award at $700; that after dili-
gent search of the records in the office of the county clerk
no order directing the executrix to make the deed or sale
in question could be found or any record thereof, or any
petition for such order, or to make a deed or make the sale
in question or record thereof, and that no claim or the
record of any claim filed or allowed against the estate of
said John P. Clark could be found in the records of said
county clerk between the date of the death of said John P.
Clark and the date of the deed here in question; that the
estate of said John P. Clark had not been closed nor the
executrix discharged at the time the deed in question was
executed.

It is contended by counsel for appellant that under the
decision in *Clark* v. *Clark, supra,* the executrix, Mary Clark,
only conveyed by this deed her life interest in said forty
acres.    In said case this court had under consideration the
power of the executrix to deed certain real estate to one
James S. Clark "in consideration of $100 in hand paid and
in further consideration of services rendered and to be ren-

dered by James S. Clark." The date of the deed in that case was March 22, 1897, and in discussing that deed, and the power, under the will, to execute it, this court stated (p. 359) : "Testimony is introduced to show that the services contemplated by the language thus used were the care of the grantor as long as she should live. This, we think, was an act unauthorized by her power. The only sale which she could have properly made, in her capacity as executrix, was one for money and in the usual course of administration of her husband's estate."

On the facts heretofore stated, as found in this record, was the executrix authorized to execute the deed here in question? We are disposed to so hold. It is argued by appellant that there were no debts against the estate. The testimony shows that appellant paid the funeral expenses right after his father's death, because, as he says, his mother could not count money and look after such matters. The evidence does not show that he paid the funeral expenses out of his own money and nothing is said as to the payment of the widow's award. *Clark* v. *Clark, supra,* is based largely on the holding in *Griffin* v. *Griffin,* 141 Ill. 373. Applying the reasoning of this last case, it is fair to presume from the facts presented here that this land was sold to raise money to pay the widow's award. This sale was made for cash, and it is stipulated that the amount received was what the property was really worth at that date. We think the evidence clearly shows that it was made in due course of administration of the estate of the testator. Under the rules of law laid down in both these decisions cited, we hold that the executrix was authorized, under the will, to execute the said deed. The other questions raised in the briefs need not, therefore, be discussed.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*